(C.D. 3718)

JAMES FYFE & Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 24, 1969)

*Walter E. Doherty, Jr.,* for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General (*Owen J. Rader,* trial attorney), for the defendant.

Before RAO and FORD, Judges, and DONLON, Senior Judge

DONLON, Judge: These three cases were consolidated for trial at Boston, the port of entry. The official papers were received in evidence.

The merchandise, imported from Belgium in 1965, is described in the invoices, part of the official papers, as "flax waste" and entered as such under item 304.12, Tariff Schedules of the United States, dutiable at 0.1 cent per pound. It was classified in liquidation as flax, processed, not carded and not hackled, under item 304.14, Tariff Schedules of the United States, and charged with duty at 0.25 cent per pound. Plaintiff's protest claims classification as flax waste and advanced waste.

The pertinent provisions of the competing tariff schedules are:
Schedule 3, Part 1, subpart B

> Vegetable fibers (except cotton), raw; wastes and advanced wastes of such fibers; and vegetable fibers (except cotton) including fiber blends in chief value of such fibers, processed (except roving) but not spun:
>
>     *     *     *     *     *     *     *
>
> Flax:
>
>     *     *     *     *     *     *     *

| 304.12 | Waste and advanced waste_____ 0.1¢ per lb. |
| | Processed: |
| 304.14 | Not carded and not hackled____ 0.25¢ per lb. |

Plaintiff introduced into evidence a representative sample of the merchandise at bar. (Exhibit 1.)

Plaintiff adduced the testimony of Mr. Hugh W. Crawford, Jr., who identified himself as president and general manager of Stevens Linen Associates Incorporated, a firm engaged in the manufacture of linen products. Stevens is an importer of flax, which it uses in the manufacture of linen. (R.4, 5.)

Mr. Crawford testified that his company purchased flax waste, quality number F. 134, through plaintiff, its broker. He stated that he was familiar with the official papers in protests 67/36021, 67/36022 and 67/35995. In each protest Mr. Crawford identified the merchandise at bar as merchandise which he had ordered as quality number F. 134. (R.6–8.)

After the record had been developed thus far, counsel for the parties stipulated in open court that the merchandise consists of flax waste, in the form of tow, and that it is not processed in any manner.

The protest claims are sustained. Judgment will be entered accordingly.